UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rebecca P.R.,<br><br>                                        Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>                                        Defendant. | Case No.:  23cv742-CAB-DEB<br><br>**ORDER RE: REQUEST FOR JUDICIAL REVIEW [Doc. No. 11] AND REMANDING CASE TO THE SOCIAL SECURITY ADMINISTRATION FOR FURTHER PROCEEDINGS** |

Plaintiff Rebecca P.R. requests that the Court reverse the decision of the Acting Commissioner of Social Security ("Commissioner"), who found that Plaintiff was not disabled under Title II of the Social Security Act. *See* 42 U.S.C. § 401 *et seq*.; [Doc. No. 11, 17.]  Defendant requests the Court affirm the decision of the Commissioner. [Doc. No. 16.] Having considered the briefs and the administrative record, and for the reasons set forth below, the Court **GRANTS** Plaintiff's request, **DENIES** Defendant's request, and **REMANDS** this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, a 45-year-old woman, is before the Court to appeal a denial of her Disability Insurance Benefits (SSDI). Plaintiff filed her SSDI application on October 27,

2020, alleging disability beginning on January 1, 2014. [AR 16.] Her application was denied initially on April 6, 2021, and upon reconsideration on August 5, 2021. [AR 223-227; 234-240.] On September 27, 2021, Plaintiff filed a Request for Hearing. [AR 241-242.] On February 18, 2022, a hearing was held, by telephone due to the COVID-19 pandemic, before Administrative Law Judge (ALJ) Kevin W. Messer. [AR 16.] On March 24, 2022, the ALJ issued an Unfavorable Decision. [AR 13-31.] On April 7, 2022, Plaintiff filed a Request for Review of Hearing Decision. On February 23, 2023, the Appeals Council denied review. [AR 307-309; 1-7.] On April 21, 2023, Plaintiff commenced this action. [Doc. No. 1.]

On August 22, 2023, Plaintiff filed a brief pursuant to Fed. R. Civ. P. Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (2022). [Doc. No. 11.] On October 18, 2023, Defendant filed a responsive brief. [Doc. No. 16.] On November 1, 2023, Plaintiff filed a reply brief. [Doc. No. 17.]

## LEGAL STANDARD

The Social Security Act authorizes an Article III court to review final decisions of the Commissioner. 42 U.S.C. § 405(g). This Court may enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. *Id*.

Factual findings of the Commissioner are conclusive if supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1193 (9th Cir. 2001). The Court may set aside the Commissioner's final decision when that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Id*. at 1098. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation marks omitted). To determine whether substantial evidence

exists, the Court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Commissioner's conclusion. *Tackett*, 180 F.3d at 1098. "Where evidence is susceptible to more than one rational interpretation," the ALJ's decision should be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

Plaintiff argues the the ALJ erred in four ways: (1) failing to provide a complete and proper assessment of the Plaintiff's residual functional capacity by failing to properly assess Plaintiff's symptom testimony; (2) failing to pose a complete hypothetical question to the vocational expert (VE); (3) failing to properly consider the Third-Party Function Report; and (4) failing to fully and fairly develop the record. [Doc. No. 11.] Plaintiff requests the Court remand this matter for further administrative proceedings based on these issues. *Id.* at 9. Defendant counters that there was substantial evidence to discount Plaintiff's symptom testimony, the ALJ's hypothetical to the VE reflected the limitations that were supported by the credible record, the ALJ did not err by omitting a discussion of the non-medical third-party report, and the record was fully and fairly developed. [Doc. No. 16.]

A.  Plaintiff's Symptom Testimony/Plaintiff's Residual Functional Capacity.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a), with some limitations. In doing so, the ALJ implicitly found that Plaintiff could sit for two hours without interruption as generally required for sedentary work. However, Plaintiff reported that she could only sit for ten to fifteen minutes at one time. [AR 169.] Plaintiff further noted that on a good day, she could sit and work on a computer for fifteen to twenty minutes at a time. [AR 173.]

The ALJ found as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be

> expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 96-4p and SSR 16- 3p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96 2p, 96-5p, 96 6p and 16-3p.

[AR 21.]

     a. Legal Standard.

The Ninth Circuit follows a two-step test for deciding what weight to give to a plaintiff's symptom testimony. At step one, the ALJ must ascertain whether the plaintiff has presented "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the plaintiff satisfies step one, and there is no evidence of malingering, then at step two, the ALJ can reject the plaintiff's testimony about the severity of his symptoms only by providing specific, clear, and convincing reasons for doing so. *Id*. If the ALJ finds that the plaintiff's testimony regarding the severity of his symptoms is not credible, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). This clear and convincing standard is the most demanding standard required in Social Security cases. *Trevizo*, 871 F.3d at 678.

"[B]ecause symptoms, such as pain, are subjective and difficult to quantify," the ALJ considers "all of the evidence presented," including information about the claimant's prior work record, statements about their symptoms, evidence submitted by their medical sources, and observations by the Agency's employees and other persons. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p. Factors the ALJ may consider, in addition to objective medical evidence, include Plaintiff's daily activities; the location, duration,

frequency, and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain; treatment; and any other measures used to relieve pain. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p. The ALJ may also consider inconsistencies between Plaintiff's statements regarding pain and the medical evidence. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); SSR 16-3p.

      b.  Analysis.

As discussed above, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," and did not find evidence of malingering. [AR 21.] This satisfies step one. *Trevizo*, 871 F.3d at 678. Accordingly, the ALJ may reject Plaintiff's testimony about the severity of her pain only by providing "specific, clear, and convincing" reasons. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015); *see also Leza v. Kijakazi*, No. 21-16079, 2022 WL 819782, at *2 (9th. Cir. Mar. 17, 2022).

Here, the ALJ failed to meet the demanding "clear and convincing" standard. Although the ALJ mentioned Plaintiff's testimony that she cannot sit for more than 10-15 minutes at a time [AR 20], he did not "specifically identify" which testimony he found not credible and why. *Holohan,* 246 F.3d at 1208. Instead, the ALJ generally explained that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence." [AR 21.] The Ninth Circuit has held that this boilerplate language does not rise to the level of "specific, clear, and convincing" reasons for discounting a claimant's subjective testimony. *See, e.g., Treichler v. Comm. Of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014)(holding that a boilerplate introductory sentence falls short of "meeting the ALJ's responsibility" to discuss the objective evidence). The ALJ failed to identify specific testimony that was "not entirely consistent" with the medical evidence; instead, he provided a general summary and stated his non-credibility conclusion. [AR 21-25.] "[S]imply reciting the medical evidence in support of [a] residual functional capacity

determination" does not meet the "clear and convincing" standard for rejecting a claimant's testimony. *Brown-Hunter*, 806 F.3d at 489; *see also Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020)(holding that a "relatively detailed overview of [the plaintiff's] medical history" was not the same as providing clear and convincing reasons for discounting the plaintiff's testimony).

Having concluded that the ALJ's purported reasons for discounting Plaintiff's testimony are not supported by "specific, clear, and convincing reasons," *Brown-Hunter*, 806 F.3d at 494, the Court further finds that the ALJ's failure to provide clear and convincing reasons for discounting Plaintiff's pain testimony was not harmless because it "precludes us from conducting a meaningful review." *Id*. at 489; *see also Michael Louis W. v. Kijakazi*, No. 20cv2277-LL(MSB), 2022 WL 2701988, at *10 (S.D. Cal. July 12, 2022) (finding harmful error where the ALJ failed to specify which of Plaintiff's statements regarding pain and physical dysfunction he discredited). On remand, the ALJ should re-evaluate Plaintiff's symptom testimony and specifically identify which portions of it, if any, the ALJ finds not credible and why.

B.  Other Issues.

Given that the Court has found reversible error on the grounds that the ALJ failed to provide clear and convincing reasons to discount Plaintiff's pain testimony, the Court declines to reach the other issues raised by Plaintiff.

CONCLUSION

The Court **HEREBY ORDERS**:

1. Plaintiff's request for reversal of the decision of the Commissioner is **GRANTED** for the reasons set forth above;
2. Defendant's request for affirmance of the Commissioner's decision is **DENIED**;
3. The case is **REMANDED** to the Social Security Administration for further proceedings to re-evaluate Plaintiff's claim;

4. The Clerk of Court shall **CLOSE** the case.

Dated: February 16, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge